```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA               :

     - v. -                            :        PROTECTIVE ORDER
                                       :
ROBERT LUSTYIK,                                  13 Cr. 616 (VB)
JOHANNES THALER, and                   :
RIZVE AHMED,
     a/k/a "Caesar,"                   :
              Defendants.
                                       :

- - - - - - - - - - - - - - - - - - - -X
```

[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 9-17-13]

On the motion of the United States of America, by Preet Bharara, United States Attorney, through his counsel, Benjamin Allee, Assistant United States Attorney, and Emily Rae Woods, Trial Attorney, Public Integrity Section, United States Department of Justice ("the Government") and pursuant to Federal Rule of Criminal Procedure 16(d),

IT IS HEREBY ORDERED:

1. All records produced by the Government to the defendants and/or defense counsel (including defendants current counsel, as well as any future counsel assigned to the defendants in this case), including, but not limited to, law enforcement documents, bank records, telephone records, and credit reports, disclosed by the Government pursuant to its discovery obligations are considered "Confidential Information."

2. Confidential Information disclosed to the defendants and/or defense counsel in this case during the course of proceedings in this action:

(a) Shall be used by defense counsel and the defendants only for purposes of defending this action;

(b) Shall not be copied or otherwise recorded by the defendants;

(c) May be disclosed by defense counsel or the defendants in this action to the following persons only (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by a defendant's attorney;

    (ii) independent expert witnesses, investigators or expert advisors retained by a defendant in connection with this action; and

    (iii) such other persons as may be hereafter authorized by the Court;

(d) Shall not be disclosed in any form by defense counsel or the defendants except as set forth in this paragraph; and

(e) Shall be returned to the Government within 30 days of the conclusion of this litigation or the expiration of all rights to appeal, and within the same time period any and all copies of said material in the possession of defendants or

defense counsel, including copies distributed pursuant to Paragraph 2(c) of this Order, shall be shredded and destroyed.

3. The defendants and defense counsel shall provide a copy of this Order to any Designated Persons to whom they disclose confidential information pursuant to Paragraphs 2(c)(i), (ii) and (iii) above. Designated Persons shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it.

4. Certain records produced by the Government to defense counsel and the defendants pursuant to its discovery obligations will not be considered Confidential Information if the Government states in writing to the defendants and defense counsel that the records do not constitute Confidential Information.

5. The parties should attempt to resolve between themselves any dispute concerning whether records are Confidential Information before making any application to the Court concerning the designation of records as Confidential Information, absent extraordinary circumstances.

6. If any dispute should arise between the parties as to whether any record is Confidential Information subject to

the provisions of this Order, such record shall be considered Confidential Information pending further Order of this Court.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any judge or magistrate of this Court for purposes of this action, although the parties should comply with Federal Rule of Criminal Procedure 49.1.

8. The provisions of this order governing disclosure shall not terminate at the conclusion of this criminal prosecution.

9. A knowing and willful violation of this protective order by the defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

SO ORDERED:

_____
HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

9/17/13
DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                  :

      - v. -                            :        ACKNOWLEDGEMENT OF
                                                   PROTECTIVE ORDER
ROBERT LUSTYIK,                           :
JOHANNES THALER, and                               13 Cr. 616 (VB)
RIZVE AHMED,                              :
    a/k/a "Caesar,"
                                          :

        Defendants.                 :

- - - - - - - - - - - - - - - - - - - - - X

      I have read and understand the Protective Order ("Protective Order") in this case entered in this action on August __, 2013. I hereby agree to be bound by the terms of the Protective Order. Specifically, I agree that I will use confidential documents or other evidence and any information contained therein only for purposes of this case, including any appeals, and not for any other purpose of any kind; that I will return all confidential documents to counsel within thirty (30) days after the later of the termination of this litigation or expiration of all rights to appeal; that I will take all appropriate steps to keep the confidential documents or other evidence and any information contained therein confidential. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for

all time. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of New York, in the above-captioned case for purpose of enforcing the aforementioned Protective Order.

DATED: _____

_____
Signature

_____
Print Name

_____
Company Name