**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

United States Courthouse
300 Quarropas Street
White Plains, New York 10601

October 3, 2014

**BY HAND**
Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    <u>United States v. Robert Lustyik, et al.</u>
              13 Cr. 616 (VB)

Dear Judge Briccetti:

      The Government respectfully submits this letter in response to the Court's memorandum endorsement of October 2, 2014 (the "Order"). The Government seeks clarification of the Order, for the reasons described below.

      On September 22, 2014, Lustyik moved for an indefinite adjournment of the deadline to provide notice, pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), of the classified information he seeks to use in his defense at trial. (Lustyik Motion, Docket # 120.) Lustyik's counsel claimed, among other things, that he was unable to discuss with counsel for Thaler and Ahmed classified material that he claims is relevant to a "joint defense," which he received from sources other than the discovery in this case, including discovery in the case pending in the District of Utah, <u>United States v. Robert Lustyik, et al.</u>, 12 Cr. 645 (TC). The Government opposed Lustyik's adjournment request, partly on the ground that, unless and until this Court determined that the materials Lustyik sought to offer were relevant, there was no basis for Lustyik to disclose the materials to counsel for Thaler and Ahmed. (Gov't. Opp., at 8-9, Docket # 121.) On September 23, 2014, the Court granted Lustyik a brief adjournment, permitting him to file the CIPA Section 5 notice by September 30, 2014.

      On September 30, 2014, Ahmed and Thaler requested, in a letter by Ahmed's counsel, guidance from the Court (the "Letter," Docket # 127). They noted the representations by Lustyik in his request for an adjournment of the CIPA Section 5 deadline, that he was in possession of what he claimed were relevant classified materials, and further noted that they were unable to discuss the materials with Lustyik's counsel. They requested "a review by the Court to determine whether additional review of [their] clearance level is appropriate and the path forward to a review of the materials relevant to a defense . . ." (Letter, at 2.)

On October 2, 2014, the Court issued the Order. The Court stated that it agreed with counsel for Ahmed and Thaler that "'discussion regarding [the Utah] material are necessary to ensure [counsel is] investigating every avenue of defense available to Mr. Ahmed and Mr. Thaler." (Order, at 1 (quoting Letter, at 1).) The Court ordered the Government "to submit a letter identifying the steps to be taken to allow Mr. Henry and Mr. Ser to review and discuss the potentially relevant materials produced in the Utah case prior to CIPA § 6 hearing . . ." (Order, at 1.)

The Government seeks clarification whether the Court, in the Order, (1) is directing the Government to identify steps by which counsel for Thaler and Ahmed may receive disclosure of classified information, so that if, and only if, the Court later determines that the information cited by counsel for Lustyik is relevant, counsel for Thaler and Ahmed will be in a position to receive it; or (2) is authorizing counsel for Lustyik to disclose classified information to counsel for Thaler and Ahmed, and instructing the Government to identify steps to facilitate the disclosure; or (3) is directing something other than the former two interpretations.

In the event that the first interpretation above is the correct one – that the Court is directing the Government to outline steps, as a precaution, by which counsel for Thaler and Ahmed may be in a position to receive a disclosure of classified information in possession of Lustyik's counsel, if and only if the Court determines, upon full briefing under CIPA, that the classified items are relevant – the Government has no objection. If that eventuality occurs, counsel for Thaler and Ahmed may require additional clearances than those already in place. To avoid delay, the Court could discuss in advance with the assigned Classified Information Security Officer, Michael Macisso, whether and how to begin a pre-clearance process for those counsel. The Government's understanding, after speaking today to Mr. Macisso, is that the process for determining whether to grant upgraded clearance to Thaler's and Ahmed's counsel would not likely be a lengthy or time-consuming process, and could take as little as a day.

In the event the second interpretation above is the correct one – that the Court has authorized disclosure of classified material from Lustyik's counsel to counsel for Thaler and Ahmed on the ground that Lustyik's counsel claims the material is relevant to a joint defense – the Government objects to such an order, and requests the opportunity to explain to the Court why, in the Government's view, the material is not relevant to a joint defense. In that vein, having received Lustyik's Section 5 notice under CIPA, the Government intends to oppose Lustyik's use of the classified information described therein at trial on relevance grounds, among others. The Government is concerned that the only apparent basis for pursuing the use of this information at trial is to further a strategy of graymail. United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996) (CIPA's provisions particularly are meant to "minimize the problem of so-called graymail – a threat by the defendant to disclose classified information in the course of trial – by requiring a ruling on the admissibility of classified information before trial."). Thus, the classified material Lustyik's counsel has referenced may not be relevant to Lustyik's individual defense, much less a joint defense.

With respect to the Government's ability to provide classified information to counsel for Thaler and Ahmed, the law prohibits those in possession of classified information

from disclosing it, other than to individuals who (i) have been provided with appropriate clearance, see In re Terrorist Bombings, 552 F.3d 93, 127-28 (2d Cir. 2008) (discussing propriety of mandatory security clearance requirements), and (ii) have a need to know the information.  See United States v. Babafemi, 13 Cr. 109, 2014 WL 1515277, at *3 (E.D.N.Y. Apr. 18, 2014) (quoting Exec. Order No. 13,526, 75 Fed.Reg. 707, 720 (Dec. 29, 2009) ("A person may have access to classified information provided that . . . the person has a need-to-know the information."); and United States v. Libby, 429 F.Supp.2d 18, 24 n. 8 (D.D.C.2006) ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses.")).

At this time, neither requirement has been met.  Neither counsel for Thaler nor Ahmed possesses the appropriate clearance to receive the material referenced by Lustyik's counsel.  And Lustyik's counsel's claim that the material is potentially relevant to a joint defense does not establish a need to know.  Pursuant to CIPA, it is for the Court to decide, after hearing from the Government, whether a classified item must be disclosed to defense counsel.  See 18 U.S.C. App. 3, §§ 2, 3.  Accordingly, the Government respectfully submits that authorization of disclosure of classified information from counsel for Lustyik to counsel for Thaler and Ahmed on the grounds of potential relevance and without affording the Government the opportunity to be heard would be premature.  The Government proposes that, in opposing Lustyik's CIPA Section 5 submission, it also address therein the irrelevance of the cited classified items to Thaler and Ahmed, and any joint defense among the defendants.  This procedure will allow the Court to make a determination regarding relevance, and thereby prevent both unjustified disclosure and unjustified non-disclosure of classified materials from counsel for Lustyik to counsel for Thaler and Ahmed.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: _____/s_____
Benjamin Allee
Assistant United States Attorney
(914) 993-1962

Emily Rae Woods
Trial Attorney
Public Integrity Section
United States Department of Justice
(202) 616-2691

Cc:   Raymond Mansolillo, Esq. (by email)
      Jason Ser, Esq. (by email)
      Brad Henry, Esq. (by email)