UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
UNITED STATES OF AMERICA

v.

ROBERT LUSTYIK,
JOHANNES THALER, and
RIZVE AHMED, a/k/a "Caesar,"
                         Defendants.
--------------------------------------------------------------x

ORDER

13 CR 616 (VB)

*USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 10/6/14*

      This Order responds to the government's letter of October 3, 2014 (Doc. #131), which requests clarification of the Court's October 1, 2014, memorandum endorsement. (Doc. #130).

      To be clear, the Court did not authorize Mr. Mansolillo to disclose any classified information to Mr. Henry or Mr. Ser. The Court simply found that Mr. Henry and Mr. Ser should be allowed to review and discuss certain classified materials produced in the Utah case (the "Utah Materials") so they may determine whether the Utah Materials are relevant and helpful to their clients. Mr. Henry's and Mr. Ser's desire to "investigat[e] every avenue of defense available to Mr. Ahmed and Mr. Thaler" is understandable. (Doc. #127). The Court therefore requested guidance from the government as to how Mr. Henry and Mr. Ser could be granted access to the Utah Materials.

      In its October 3 letter, the government disagrees that Mr. Henry and Mr. Ser "need to know" the classified information contained in the Utah Materials. The government proposes that, rather than permitting Mr. Henry and Mr. Ser to access the Utah Materials, the Court should have the government, in its opposition to Lustyik's CIPA § 5 submission, address the relevance or "irrelevance of the [Utah Materials] to Thaler and Ahmed, and any joint defense among the defendants." (Doc. #131 at 3). But this proposal is unworkable because it assumes that the government knows all of the defenses defendants may present at trial.

      One way to proceed would be for the Court have an ex parte meeting with defense counsel prior to the CIPA § 6 hearing on November 6, 2014, to discuss their defenses, after which meeting the Court would determine whether the Utah Materials are relevant to those defenses. The Court in Utah held such an ex parte meeting. (See United States v. Lustyik, 12 CR 645 (D. Utah) (Doc. #883 at 5)). This approach would both prevent disclosure of the Utah Materials to Mr. Henry and Mr. Ser, as the government requests, while also ensure that defendants are not blocked from pursuing a relevant "avenue of defense." (Doc. #127).

      Another option is to have Mr. Mansolillo seek permission under the protective order entered in the Utah case to disclose the Utah Materials to Mr. Henry and Mr. Ser.

      The Court seeks the parties' guidance as to whether and how Mr. Henry and Mr. Ser should be granted access to the Utah Materials. Accordingly, all counsel are directed to appear at a conference on October 10, 2014, at 10:00 a.m., to discuss that issue.

1

      The Court also directs the Classified Information Security Officer to begin immediately the process of raising Mr. Henry's and Mr. Ser's security clearances in the event the Court determines they should be granted access to the Utah Materials.

Dated: October 6, 2014
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge
