UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                     :

UNITED STATES OF AMERICA             :
                                                     :
          -v.-                                      :
                                                     :
ROBERT LUSTYIK,                     :          13 Cr. 616 (VB)
JOHANNES THALER, and          :
RIZVE AHMED,                          :
    a/k/a "Caesar,"                    :
                                                     :
               Defendants.          :

------------------------------------------------------ x


## MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
## IN RESPONSE TO DEFENDANT'S MOTIONS <u>IN</u> <u>LIMINE</u>


                                              PREET BHARARA
                                              United States Attorney for the
                                              Southern District of New York
                                              One St. Andrew's Plaza
                                              New York, New York 10007

Benjamin Allee
Assistant United States Attorney
      -Of Counsel-


                                              JACK SMITH
                                              Chief, Public Integrity Section
                                              U.S. Department of Justice
                                              1400 New York Avenue, NW
                                              Washington, DC 20005

Emily Rae Woods
Trial Attorney
      -Of Counsel-

The Government respectfully submits this Memorandum of Law of the United States of American in Opposition to Defendant's Motions in Limine. (Dkt. No. 926.) On August 27, 2014, this Court ordered the parties to submit motions in limine on or before October 17, 2014. (Dkt. No. 117.) On October 17, 2014, pursuant to the Court's Order, the Government filed its motions in limine. (Dkt. No. 139.) On October 19, 2014, the defendant filed his motions in limine.[1] (Dkt. No. 140.) The Government addresses in turn the merits of each of the defendant's fifteen requests for relief below.

1. **"Any health or medical condition past or present and the use of any medically prescribed drugs for those health or medical conditions past or present." (Dkt. No. 926, at 1.)**

Although this request is vague, the Government interprets it as pertaining to *Lustyik's* health or medical conditions. The Government submits that no pretrial ruling on this issue is necessary because the Government does not intend to introduce evidence of any health or medical conditions Lustyik may have in its case-in-chief. The Government does however reserve the right to introduce such evidence during the defense case or during the Government's rebuttal case.

2. **"Any personal emails/texts, telephone conversations, photos, recordings, videos or the like with family, non-witnesses, friends or self, including his counsel and members of his defense team." (Dkt. No. 926, at 1.)**

The Government respectfully requests that the Court not issue any pretrial rulings that would limit the Government's ability to introduce evidence of non-privileged communications between Lustyik and others in which they discuss topics related to the charged conduct. The Government will not seek to introduce confidential, privileged communications between Lustyik and his counsel and investigators during the time in which an attorney-client relationship existed.

---

[1] The defendant's filing was two days after the Court's deadline for motions in limine.

1

Nor will the Government seek to introduce communications between Lustyik and non-witnesses about subjects unrelated to the charged conduct that have no bearing on his guilt or innocence. However, the Government does intend to introduce evidence of Lustyik's communications with his friends, such as co-defendant Johannes Thaler with whom Lustyik conspired, and his family members, such as Lustyik's nephew whom Lustyik directed to stand guard while Lustyik attended a meeting inside co-defendant Rizve Ahmed's residence. Such evidence is clearly relevant and admissible under the Federal Rules of Evidence, and the defendant offers no argument to the contrary in support of his motion in limine.

> **3. "Any evidence related to any OPR or OIG investigation in which Mr. Lustyik was cleared. Specifically but not limited to the Mark Clark OPR investigation." (Dkt. No. 926, at 1.)**

Although the defendant filed a motion to preclude the Government from introducing evidence related to OPR or OIG investigations in which he was cleared, the Government notes that the defendant, in this Section 5(a) CIPA filing, indicated that *he* intended to introduce several classified documents regarding this very topic. The Government maintains that those classified documents, and all the other material cited in the defendant's Section 5(a) filing, are irrelevant to the instant case and therefore inadmissible. The Government agrees that it will not seek to introduce evidence pertaining to the referenced OPR and OIG investigations in its case-in-chief, and therefore no pretrial ruling is necessary. The Government does however reserve the right to introduce such evidence during the defense case or during the Government's rebuttal case.

4. "Any evidence related to personal extramarital affairs, infidelity, marriage counseling, intimacy or personal matters relating to the marriage."  (Dkt. No. 926, at 1.)

The Government agrees that it will not seek to introduce such evidence in its case-in-chief.  The Government does however reserve the right to introduce such evidence during the defense case or during the Government's rebuttal case.

5. "Any evidence related to the defendant's spouse or children's health or medical conditions past, present or future including but not limited to minor children – daughter HL and son – BL, hospital stay."  (Dkt. No. 926, at 2.)

The Government does not anticipate introducing any evidence of the defendant's spouse or children's medical conditions.  However, it is possible that such evidence may become relevant during the defense case or in rebuttal, in which case the Government may seek to introduce such evidence, because there is evidence suggesting that the defendant used his daughter's name in coded language.  If the introduction of such evidence becomes necessary, the Government will take steps to redact the names of any minor children involved or referenced in the evidence.

6. "Any evidence of defendant's personal finances and personal financial records prior to meeting Michael Taylor, including but not limited to credit cards, investments, loans or debts."  (Dkt. No. 926, at 2.)

The Government objects to this request.  The Indictment charges a bribery scheme in which Lustyik conspired with others to personally enrich himself in exchange for official action.  Evidence of his financial debts and other related evidence is probative to establishing Lustyik's motive to obtain cash payments in violation of the law.  As such, it is clearly relevant evidence and should not be excluded.  United States v. Griffith, 385 F.3d 124, 126 (2d Cir. 2004) ("Generally, relevant evidence—that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable'—is

3

admissible for all purposes 'except as otherwise provided by the Constitution [or] by Act of Congress.'" (quoting Federal Rules of Evidence)).

7. "Any evidence implied or otherwise that Mr. Lustyik's return of 26k dollar loan to Mr. Feldman was anything but a legitimate return on monies borrowed; including but not limited to the defendant violating his terms of conditions of release by giving 26k in cash to a potential defense witness and the manner of such transfer of monies – "cash" as suspicious or nefarious in nature."   (Dkt. No. 926, at 2.)

Although the Government agrees that it will not seek to introduce such evidence in its case-in-chief, the Government does reserve the right to introduce such evidence during the defense case or during the Government's rebuttal case.

8. "Any evidence implied or otherwise relating to a classified case file (Mr. Lustyik was working officially on) found in a safe during the search of Mr. Lustyik's home that infers it was improper, unauthorized, illegal or wrong in any way." (Dkt. No. 926, at 2.)

Although the Government agrees that it will not seek to introduce such evidence in its case-in-chief, the Government does reserve the right to introduce such evidence during the defense case or during the Government's rebuttal case.

9. "Any evidence by law enforcement or government investigators, analysts, of intelligence official's testimony about 'profiles' to include but not limited to 'money laundering profiles,' the practices of money launderers or methods, and/or other characteristics of the defendant which approach being no more than opinions about the defendant's guilt." (Dkt. No. 926, at 2.)

Although the Government agrees that it will not seek to introduce such evidence in its case-in-chief, the Government does reserve the right to introduce such evidence during the defense case or during the Government's rebuttal case.

10. **"Any evidence implied or otherwise which makes inference tends to show or purports evidence of "other bad acts" under Rule 404(b) of the FRE, and/or other prejudicial evidence under Rule 403 of the FRE." (Dkt. No. 926, at 2.)**

The Government requests that the Court reject this vague and overbroad request. The Government is not currently seeking to offer any evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. Regarding Lustyik's objection to "other prejudicial evidence," however, Federal Rule of Evidence 403 calls for the exclusion of otherwise relevant evidence only when "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Federal Rule of Evidence 404(b) prohibits evidence of a crime, wrong, or other act only where used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Moreover, Rule 404(b) does not apply to evidence that is "inextricably intertwined" or bound up with the charged crimes. See United States v. Robinson, 702 F.3d 22, 37 (2d Cir. 2012). The Government represents that it will comply in good faith with the Federal Rules of Evidence in seeking to introduce evidence at trial.

11. **Provide defendant's counsel any visuals, chalks, or PowerPoint presentations, which will be shown to the jury during their opening or their case in chief, such shall be provided to defendant's counsel 48 hours before it is shown to the jury.**

The Government objects to this request, to the extent that it would result in any rigid time period requirement for notice of demonstratives or other visual aids for the jury. The Government agrees to provide such documents to defense counsel in advance of their use, with sufficient notice so that defense counsel may review and object to the documents, and the Government expects defense counsel to do the same. If the Court determines to impose a time period requirement for notice, the Government requests that the Court permit the Government to provide copies of such documents to defense counsel 24 hours in advance of their anticipated use.

**12. Provide 24 hours notice to defendant's counsel of which witnesses and whom the government intends to put on as witnesses to testify in their case in chief.**

The Government objects to any rule that fails to account for the unpredictable nature and pace of the trial. Instead, the Government proposes that counsel agree to confer in good faith at the conclusion of each trial day and to promptly notify the opposing party of any witnesses who are likely to be called to testify on the following day. In the event that the Court issues an order requiring disclosure of witnesses within a certain time period in advance of their testimony, the Government requests that the order apply to the defense as well as the Government.

**13. Allow the defendant to advance the education of the jury by providing a summary witness during the defendant's case in chief. This will allow the jury to obtain the requisite education of matters, which are not often in the public purview. It will assist the trier of fact, the jury, in its understanding of the defendant's role as it relates to the defendant's theory of the case. It will help facilitate the tempo of the trial and timeframe of the other witnesses who testify, allowing defense counsel to significantly shorten the length of several witnesses' testimony without losing their effectiveness propounding complex and often unfamiliar testimony to the jury.**

This is not a complex case, and the Court should reject the defendant's premature request for a pretrial ruling without first receiving a proffer of the summary witness's testimony. Depending on the substance of the proffered testimony, the Government reserves the right to object to the witness on the grounds that the testimony is needlessly cumulative, a waste of time, and misleading to the jury under Federal Rule of Evidence 403; an improper opinion by a lay witness and not helpful to the jury under Federal Rule of Evidence 701; and other grounds.

**14. Allow the defendant to admit testimony from defense experts outside traditional areas of expertise and or areas where there may be controversy – see *U.S. v. Mamah*, 332 F.3d 475, 476-78 (7th Cir. 2003) (Anthropologist and sociologist offered to testify to cultural factors that could have led Ghanaian citizen to give false confession. "Acknowledging that social scientists frequently testify as experts and their opinions are an integral part of many cases" (quoting *U.S. v. Hall*, 93 F.3d 1337, 1342 (7th Cir. 1996) but testimony excluded). However, see Hall, 93 F.3d at 1341, 44-45 (same social psychologists as in Mamah offered as expert on false confessions and psychiatrist offered regarding defendant's**

>   **mental condition and susceptibility to give answers interrogator seeking; held error to exclude testimony)** *U.S. v. Dorsey*, **45 F.3d 809, 812, 814-15 (4th Cir. 1995).**

The Court should preclude any expert testimony offered by the defense because Lustyik failed to comply with Federal Rule of Criminal Procedure 16(b)(1)(C), which requires that he "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. . ." The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). As of the date of this filing, the Government has not received any such notification from the defendant.

>   **15. Preclude the prosecution/government from introducing in any form, manner or inference evidence or testimony by law enforcement "experts" – or other unusual experts – on the ground that it fails to satisfy the test for admissibility of expert testimony established by The Supreme Court in** *Daubert v. Merrill Dow Pharmaceuticals***, 509 U.S. 579 (1993). . ..**

The Court should reject the defense's baseless request to exclude expert testimony offered by the Government. On November 26, 2013, the Government disclosed to defense counsel two potential expert witnesses on the matter of forensic recovery of data from computer and phone devices, Harry Lidsky and Jeremy Hunt, each of whom is a Special Agent with the Department of Justice Office of Inspector General. In that notice, the Government provided defense counsel copies of Hunt and Lisdky's resumes and stated the bases for their anticipated testimony, which relates to the recovery and analysis of materials recovered from electronic devices in this investigation. The defense has offered no analysis or argument for excluding the Government's expert witnesses' testimony, and in fact no such basis exists under the law. See Fed. R. Evid. 702.

Respectfully submitted,

| | |
|---|---|
| PREET BHARARA | JACK SMITH |
| United States Attorney | Chief, Public Integrity Section |
| | |
| By: ____/s/_____ | By: __/s/_____ |
| Benjamin Allee | Emily Rae Woods |
| Assistant U.S. Attorney | Trial Attorney |
| U.S. Attorney Office for the Southern | Public Integrity Section |
| District of New York | Criminal Division |
| | U.S. Department of Justice |