UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

      - v. -                     :          13 Cr. 616 (VB)

ROBERT LUSTYIK,                   :

         Defendant.      :

- - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE


           PREET BHARARA
           United States Attorney
           Southern District of New York
           Attorney for the United States
               of America

Benjamin Allee
Assistant United States Attorney
    -Of Counsel-


           JACK SMITH
           Chief, Public Integrity Section
           Department of Justice


Emily Rae Woods
Trial Attorney
    -Of Counsel-

**TABLE OF CONTENTS**

Request No. 1:   General Requests ............................... 2

Request No. 2:   The Indictment ................................. 3

Request No. 3:   COUNT ONE: Conspiracy ......................... 7

Request No. 4:   COUNT ONE: Conspiracy: Elements of the
                 Offense ....................................... 10

Request No. 5:   COUNT ONE: Conspiracy: First Element:
                 Existence of the Conspiracy ................... 11

Request No. 6:   COUNT ONE: Conspiracy: First Element:
                 Object of the Conspiracy ..................... 15

Request No. 7:   COUNT ONE: Conspiracy: Second Element:
                 Membership in the Conspiracy ................. 16

Request No. 8:   COUNT ONE: Conspiracy: Third Element:
                 Existence of Overt Act ....................... 21

Request No. 9:   COUNT ONE: Conspiracy: Fourth Element:
                 Overt Act in Furtherance of the Conspiracy ... 23

Request No. 10:  COUNT ONE: Conspiracy: Time of Conspiracy .... 24

Request No. 11:  COUNT TWO: Bribery of a Public Official ...... 25

Request No. 12:  COUNT TWO: Bribery of a Public Official:
                 Purpose of the Statute ....................... 26

Request No. 13:  COUNT TWO: Bribery of a Public Official:
                 Elements of the Offense ...................... 27

Request No. 14:  COUNT TWO: Bribery of a Public Official:
                 First Element: Recipient Was a Public
                 Official ..................................... 28

Request No. 15:  COUNT TWO: Bribery of a Public Official:
                 Second Element: Demand or Receipt of
                 Something of Value ........................... 29

Request No. 16:  COUNT TWO: Bribery of Public Official:
                 Third Element: Corrupt Intent to Perform
                 Acts In Violation of Official Duty ........... 30

Request No. 17:   COUNT THREE: Conspiracy to Commit Honest
                  Services Wire Fraud .......................... 31

Request No. 18:   COUNT THREE: Conspiracy to Commit Honest
                  Services Wire Fraud: Elements of the
                  Offense ...................................... 32

Request No. 19:   COUNT THREE: Conspiracy to Commit Honest
                  Services Wire Fraud: Honest Services Wire
                  Fraud: Elements of the Offense .............. 34

Request No. 20:   COUNT THREE: Conspiracy to Commit Honest
                  Services Wire Fraud: Honest Services Wire
                  Fraud: First Element: Existence of a Scheme
                  or Artifice to Defraud ...................... 36

Request No. 21:   COUNT THREE: Conspiracy to Commit Honest
                  Services Wire Fraud: Honest Services Wire
                  Fraud: Second Element: Participation in
                  Scheme with Intent to Defraud ............... 40

Request No. 22:   COUNT THREE: Conspiracy to Commit Honest
                  Services Wire Fraud: Honest Services Wire
                  Fraud: Third Element: Use of Interstate
                  Wires ....................................... 44

Request No. 23:   COUNT FOUR: Theft of Government Property ..... 47

Request No. 24:   COUNT FOUR: Theft of Government Property:
                  Elements of the Offense ..................... 48

Request No. 25:   COUNT FOUR: Theft of Government Property:
                  First Element: Money or Property Belonged
                  To The United States ........................ 49

Request No. 26:   COUNT FOUR: Theft of Government Property:
                  Second Element: Defendant Stole or
                  Knowingly Converted Stolen Property ......... 50

Request No. 27:   COUNT FOUR: Theft of Government Property:
                  Third Element: Intent ....................... 51

Request No. 28:   COUNT FOUR: Theft of Government Property:
                  Fourth Element: Value of Property ........... 52

Request No. 29:   COUNT FIVE: Unauthorized Disclosure of a
                  Suspicious Activity Report .................. 53

Request No. 30:  COUNT FIVE: Unauthorized Disclosure of a
                 Suspicious Activity Report: Elements of the
                 Offense ...................................... 55

Request No. 31:  Circumstantial Proof of Agreement or Scheme .. 56

Request No. 32:  Venue ........................................ 58

Request No. 33:  Variance in Dates and Amounts ............... 59

Request No. 34:  Law Enforcement Witnesses ................... 60

Request No. 35:  Accomplice Testimony [If applicable] ........ 61

Request No. 36:  Preparation of Witnesses [If applicable] ..... 64

Request No. 37:  Acts and Statements of Co-Conspirators ....... 65

Request No. 38:  Use of Evidence Obtained During Search ....... 67

Request No. 39:  Particular Investigative Techniques [If
                 applicable] .................................. 68

Request No. 40:  Charts and Summaries Admitted in Evidence
                 [If applicable] .............................. 69

Request No. 41:  Charts and Summaries not Admitted as
                 Evidence [If applicable] ..................... 70

Request No. 42:  Stipulations of Testimony [If applicable] .... 71

Request No. 43:  Stipulations of Fact [If applicable] ........ 72

Request No. 44:  Redaction of Evidentiary Items [If
                 applicable] .................................. 73

Request No. 45:  Uncalled Witness Equally Available to Both
                 Sides [If applicable] ........................ 74

Request No. 46:  Persons Not on Trial ........................ 75

Request No. 47:  Character Witnesses [If applicable] ......... 76

Request No. 48:  Defendant's Testimony [If applicable] ....... 77

Request No. 49:  Defendant's Right not to Testify [If
                 applicable and requested] .................... 78

Request No. 50:  Conclusion ................................... 79

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

       - v. -                 :          13 Cr. 616 (VB)

ROBERT LUSTYIK,                   :

         Defendant.        :

- - - - - - - - - - - - - - - x

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

**Request No. 1:   General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment Not Evidence

c.   Statements of Court and Counsel Not Evidence

d.   Burden Of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Credibility of Witnesses

g.   Right to See Exhibits and Have Testimony Read During Deliberations

h.   Punishment Is Not to Be Considered By the Jury

i.   Verdict of Guilt or Innocence Must Be Unanimous

j.   Jury's Recollection Governs

k.   Note-Taking by Jurors

l.   Duty to Base Verdict on Evidence

m.   Improper Considerations

n.   Motions, Objections, and Questions by the Court

o.   Duty to Weigh Evidence Without Prejudice

p.   Government Treated Like Any Other Party

q.   Direct and Circumstantial Evidence

r.   Inferences

s.   Definitions, Explanations, and Example of Direct and Circumstantial Evidence

t.   Interest in the Outcome

u.   Sympathy, Bias, and Prejudice

**Request No. 2:   The Indictment**

The defendant, ROBERT LUSTYIK, is charged formally in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains five counts.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.  Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and read particular portions of the Indictment.  Then I will explain in detail the elements of the offenses.

Count One of the Indictment charges the defendant with conspiracy to commit bribery.  The Indictment reads, in part,

> From in or about September 2011 through in or about March 2012, in the Southern District of New York and elsewhere, ROBERT LUSTYIK, the defendant, together with others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, soliciting bribes by a public official. . .
>
> It was an object of the conspiracy that ROBERT LUSTYIK, the defendant, corruptly demanded, sought, received, accepted, and agreed to accept monetary payments . . . in exchange for LUSTYIK's doing and omitting to do acts in violation of his official duty.

Count Two of the Indictment charges the defendant with soliciting bribes by a public official.  The Indictment reads, in part,

3

> From in or about September 2011 through in
> or about March 2012, in the Southern
> District of New York and elsewhere, ROBERT
> LUSTYIK, the defendant, while LUSTYIK was a
> public official, directly and indirectly,
> corruptly demanded, sought, received,
> accepted, and agreed to receive and accept
> things of value personally and for other
> persons, and aided and abetted the same, in
> return for being induced to do and omit to
> do acts in violation of the official duty of
> LUSTYIK, to wit, LUSTYIK solicited cash
> payments . . . in return for disclosing
> confidential government information to which
> LUSTYIK had access by virtue of his position
> as a Special Agent with the FBI.

Count Three of the Indictment charges the defendant with

conspiracy to commit honest services wire fraud.  The Indictment

reads, in part,

> From in or about September 2011 through in
> or about March 2012, in the Southern
> District of New York and elsewhere, ROBERT
> LUSTYIK, the defendants together with others
> known and unknown, unlawfully and knowingly
> did combine, conspire, confederate and agree
> together and with each other to commit
> offenses against the United States, to wit,
> wire fraud.
>
> It was an object of the conspiracy that
> ROBERT LUSTYIK, the defendant, together with
> others known and unknown, having devised and
> intending to devise a scheme and artifice to
> defraud and to obtain money and property
> from the United States by means of
> materially false and fraudulent pretenses,
> representations, and promises, and to
> deprive the citizens of the United States
> and the Federal Bureau of Investigation of
> their right to the honest services of
> LUSTYIK, for the purpose of executing such
> scheme and artifice, transmitted and caused
> to be transmitted by means of wire, radio,

and television communication in interstate
and foreign commerce, writings, signs,
signals, pictures, and sounds, to wit,
emails, telephone calls, and text messages.

Count Four of the Indictment charges the defendant with

theft of government property.  The Indictment reads, in part,

From in or about September 2011 through in
or about March 2012, in the Southern
District of New York and elsewhere, ROBERT
LUSTYIK, the defendant, unlawfully and
knowingly, embezzled, stole, purloined, and
knowingly converted to the use of himself
and the use of others, and without
authority, sold, conveyed, and disposed of
records, vouchers, money, and things of
value of the United States and of
departments and agencies thereof, and
property made and being made under contract
for the United States and departments
agencies thereof, with a value of more than
$1,000, and aided and abetted the same, to
wit, LUSTYIK obtained for his own use
confidential government information and
documents to which he had access by virtue
of his position as a Special Agent with the
FBI and conveyed the information and records
to . . . others without authorization.

And Count Five of the Indictment charges the defendant with

Unauthorized Disclosure of a Suspicious Activity Report.  The

Indictment reads, in part,

From in or about September 2011 through
March 2012, ROBERT LUSTYIK, the defendant,
an officer of a federal authority, willfully
violated subchapter II of Title 31 and a
regulation and order prescribed thereunder,
namely Section 1023.320(e)(2) of Title 31 of
the Code of Federal Regulations, by
disclosing a Suspicious Activity Report
("SAR"), and information that would reveal
the existence of a SAR, which disclosure was

not necessary to fulfill LUSTYIK's official
duties, to wit, LUSTYIK disclosed a SAR,
which he obtained by virtue of his position
as a Special Agent with the FBI, in order to
solicit and obtain bribes in the form of
cash payments.

**Request No. 3:   COUNT ONE: Conspiracy**

Count One of the Indictment charges the defendant with conspiracy to commit bribery, in violation of Title 18, United States Code, Sections 371 and 201. Specifically -- and I am reading now from the Indictment -- Count One charges that:

[The Court is respectfully requested to read Count One of the Indictment.]

A conspiracy is a kind of criminal partnership — a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of the specific federal laws of bribery, which the law refers to as a "substantive crime."

I instruct you that it is permissible for the Government to charge a defendant with both conspiracy and a substantive offense that is the object of that conspiracy.  A crime may be punished for its own sake and it may also be an object of a conspiracy — which requires proof of additional elements and which Congress has elected to make a separate and distinct crime.

This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a

particular criminal venture.  The law of conspiracy serves ends different from, and complementary to, those served by criminal prohibitions of the substantive offenses.  Specifically, the law of conspiracy serves two independent values: (a) it protects society from the dangers of concerted criminal activity; and (b) it serves a preventive function by stopping criminal conduct in its early stages of growth before it has a full opportunity to bloom.

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense even if the substantive crime that was the object of the conspiracy—here, bribery—was not actually committed.  In other words, you may find the defendant guilty of agreeing to solicit and accept bribes even if the conspiracy was not successful and no bribery occurred.  The success or failure of a conspiracy is simply not material to the question of the defendant is guilty with respect to Count One. The crime of conspiracy is complete once the unlawful agreement is made.  Thus, if you find beyond a reasonable doubt that there was a conspiracy and the defendant knowingly became a member of it, you should find the defendant guilty whether or not the conspiracy succeeded.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 19-1, 19-2, and Judge
> Richard J. Sullivan's instruction in United
> States v. Xing Wu Pan, No. 12 Cr. 153
> (2013); see United States v. Labat, 905 F.2d

8

18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**Request No. 4:   COUNT ONE: Conspiracy: Elements of the Offense**

In order for you to find the defendant guilty of conspiracy as charged in Count One, the Government must prove beyond a reasonable doubt the following four elements:

First: the existence, at or about the time alleged in the Indictment, of a bribery conspiracy;

Second: that the defendant knowingly and willfully associated himself with, and joined in, the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment; and

Fourth, that the overt acts which you find to have been committed were committed to further some objective of the conspiracy.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-3; see United States v. Clemente, 22 F.3d 477, 480 (2d Cir. 1994) (discussing elements of Hobbs Act conspiracy).

10

**Request No. 5:   COUNT ONE: Conspiracy: First Element: Existence
               of the Conspiracy**

The first element that the Government must prove beyond a
reasonable doubt is the existence of the conspiracy.  Simply
defined, a conspiracy is an agreement by two or more persons to
violate the law.  The essence of the crime is the unlawful
combination or agreement to violate the law.  The success or
failure of a conspiracy is not material to the question of guilt
or innocence of the conspirator, for a conspiracy is a crime
entirely separate and distinct from the substantive crime that
may be the goal of the conspiracy.  The crime of conspiracy is
complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required
to show that two or more persons sat around a table and entered
into a solemn compact, orally or in writing, stating that they
have formed a conspiracy to violate the law and setting forth
details of the plans and the means by which the unlawful project
is to be carried out or the part to be played by each
conspirator.  Indeed, it would be extraordinary if there were
such a formal document or specific oral agreement.

When people undertake to enter into a criminal conspiracy,
much is left to unexpressed understanding.  Conspirators do not
usually reduce their agreements to writing, nor do they publicly

broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that the defendant knowingly entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary

12

that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in this Indictment actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.  It is irrelevant to your deliberations whether the conspiracy was successful or ever could have been successful.  Your job is to decide whether at least two conspirators agreed to commit bribery as charged in the Indictment.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instrs. 19-3S and 19-4; United
> States v. Cassino, 467 F.2d 610, 618-19 (2d

13

Cir. 1972); <u>Radin v. United States</u>, 189 F.
568, 570 (2d Cir. 1911) ("The agreement was
not reduced to writing and signed by the
conspirators. It was not proved by direct
oral evidence. From the nature of the case
such proof was impossible. Conspiracies are
not formed in that way. Conspirators do not
go out upon the public highways and proclaim
their intention. They accomplish their
purpose by dark and sinister methods and
must be judged by their acts.").

**Request No. 6:   COUNT ONE: Conspiracy: First Element: Object of the Conspiracy**

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  Here, Count One of the Indictment alleges that the object of the conspiracy was bribery.  I will describe the elements of this crime for you in a moment.

For now, remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.  The offense alleged here is simply the conspiracy, or agreement, to commit these crimes.

> Adapted from Judge Richard J. Sullivan's instruction in United States v. Xing Wu Pan, No. 12 Cr. 153 (2013), and Judge Paul G. Gardephe's instruction in United States v. Marshall Patrick, No. 10 Cr. 447 (2011).

**Request No. 7:   COUNT ONE: Conspiracy: Second Element:**
**Membership in the Conspiracy**

The second element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and willfully became a member of the conspiracy.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious, voluntary objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

If you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective?

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. You do have before you, however, evidence of certain acts and

16

conversations alleged to have taken place with the defendant or in the presence of the defendant.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer an inference of knowledge on the defendant's part. To have guilty knowledge, the defendant need not have known the full extent of the particular conspiracy or all of the activities of its participants. It is not even necessary that the defendant knew every other member of the conspiracy. Nor is it necessary that the defendant received any monetary benefit from participating in the conspiracy or had a financial stake in the outcome of the alleged joint venture.

It is enough that the defendant participated in the conspiracy knowingly, and willfully, as I have defined those terms.

While proof of an interest in the outcome of a scheme is not essential, whether the defendant had such an interest is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

The extent of the defendant's participation has no bearing on the issue of the defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

18

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement--that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that that person withdrew and disassociated himself from it.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-6, and Judge Richard J. Sullivan's instruction in <u>United States v. Xing Wu Pan</u>, No. 12 Cr. 153 (2013); <u>see also</u> <u>United States v. Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)); <u>United States v. Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**Request No. 8:   COUNT ONE: Conspiracy: Third Element: Existence
           of Overt Act**

The third element which the Government must prove beyond a
reasonable doubt is that at least one of the overt acts charged
in the Indictment was knowingly committed by at least one of the
conspirators, at or about the time and place alleged in the
Indictment.

The indictment charges that the following overt acts were
committed in the Southern District of New York. [The Court is
respectfully requested to read the overt act section of Count
One of the Indictment.]

In order for the Government to satisfy this element, it is
not required that all of the overt acts alleged in the
Indictment be proven.

Similarly, you need not find that the defendant in this
case committed the overt act. It is sufficient for the
Government to show that one of the conspirators knowingly
committed an overt act in furtherance of the conspiracy, since
such an act becomes, in the eyes of the law, the act of all of
the members of the conspiracy.

You are further instructed that the overt act need not have
been committed at precisely the time alleged in the Indictment.
It is sufficient if you are convinced beyond a reasonable doubt

21

that it occurred at or about the time and place stated and that it was committed while the conspiracy was still in existence.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York, which includes Westchester County, among other places.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-7; see United States v. Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) ("[A]lthough proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself [an] element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.").

**Request No. 9:   COUNT ONE: Conspiracy: Fourth Element: Overt Act
                   in Furtherance of the Conspiracy**

The fourth element that the Government must prove, beyond a reasonable doubt, is that at least one of the overt acts was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 19-7.

23

**Request No. 10: COUNT ONE: Conspiracy: Time of Conspiracy**

The Indictment charges that the conspiracy charged in Count One existed from in or about September 2011 through in or about March 2012.

It is not essential that the Government prove that the conspiracy charged in Count One started and ended on the exact date set forth in the Indictment.  Indeed, it is sufficient if you find that in fact a conspiracy was formed and that it existed for some of the time within the period set forth in the Indictment.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-12; see United States v. Heimann, 705 F.2d 662, 666-67 (2d Cir. 1983).

**Request No. 11: COUNT TWO: Bribery of a Public Official**

Count Two of the Indictment charges the defendant with bribery of a public official, in violation of Title 18, United States Code, Section 201(b)(2)(C). Specifically -- and I am reading now from the Indictment -- Count Two charges that:

[The Court is respectfully requested to read Count Two of the Indictment.]

The criminal statute, Section 201(b)(2)(C), provides that:

> Whoever being a public official or person
> selected to be a public official, directly
> or indirectly, corruptly demands, seeks,
> receives, accepts, or agrees to receive or
> accept anything of value personally or for
> any other person or entity, in return for
> being induced to do or omit to do any act in
> violation of the lawful duty of such
> official or person[, shall be guilty of a
> crime.]

**Request No. 12: COUNT TWO: Bribery of a Public Official: Purpose of the Statute**

The purpose of the bribery section is to protect the public from the consequences of corruption in public service. It is a major concern of organized society that the community have the benefit of objective evaluation and unbiased judgment on the part of those who participate in the making of official decisions.

In short, the purpose of this statute is to assure high standards of ethical behavior by government employees, and to enforce uniform treatment of all citizens who have matters before governmental agencies.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 16-9; see United States v. Irwin, 354 F.2d 192 (2d Cir. 1965).

**Request No. 13: COUNT TWO: Bribery of a Public Official:
Elements of the Offense**

In order to find the defendant guilty of the crime of bribery as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant, from in or about September 2011 through March 2012, demanded, sought, received, accepted, or agreed to receive or accept something of value;

Second, that at that time, the defendant was then a public official by virtue of his being a Special Agent with the Federal Bureau of Investigation; and

Third, that the defendant did so with the corrupt intent to be induced to do or omit to do any act in violation of his lawful duty.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 16-10.

**Request No. 14: COUNT TWO: Bribery of a Public Official: First Element: Recipient Was a Public Official**

The first element that the government must prove beyond a reasonable doubt is that at the time in question defendant was then a public official by virtue of his being a Special Agent with the Federal Bureau of Investigation.

"Public official" is defined in the bribery statute as a "Member of Congress ... or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government or a juror."

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 16-11.

**Request No. 15: COUNT TWO: Bribery of a Public Official: Second Element: Demand or Receipt of Something of Value**

The second element that the government must prove beyond a reasonable doubt is that the defendant, from in or about September 2011 through March 2012, demanded, sought, received, accepted, or agreed to receive or accept something of value.

The bribery section makes no distinction between demanding, seeking or receiving a bribe; the mere seeking of a bribe is just as much a violation of the statute as the actual receiving of one.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 16-12.

**Request No. 16: COUNT TWO: Bribery of Public Official: Third Element: Corrupt Intent to Perform Acts In Violation of Official Duty**

The third element that government must prove beyond a reasonable doubt is that the defendant demanded, sought, received, accepted, or agreed to receive or accept the thing of value with the corrupt intent of being induced to do or omit to do any act in violation of the defendant's official duty.

Corrupt intent means simply having an improper motive or purpose. The defendant must have demanded, sought, received, accepted, or agreed to receive or accept a thing of value with the deliberate purpose of being influenced in the performance of his official duties. This involves conscious wrongdoing, or as it has sometimes been expressed, a bad or evil state of mind.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 16-13; see United States v. Alfisi, 308 F.3d 144 (2d Cir. 2002).

**Request No. 17:  COUNT THREE: Conspiracy to Commit Honest**
**Services Wire Fraud**

Count Three of the Indictment charges the defendant with conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 1349. Specifically -- and I am reading now from the Indictment -- Count Three charges that:

[The Court is respectfully requested to read Count Three of the Indictment.]

**Request No. 18: COUNT THREE: Conspiracy to Commit Honest**
**Services Wire Fraud: Elements of the Offense**

I have already instructed you on the elements of conspiracy for purposes of Count One of the Indictment.  Like Count One, Count Three is a conspiracy charge. But whereas the object of the conspiracy charged in Count One is bribery of a public official, the object of the conspiracy charged in Count Three is honest services wire fraud.

In order for you to find the defendant guilty of conspiracy as charged in Count Three, you must find each of the elements of conspiracy proved beyond a reasonable doubt.  The elements of the conspiracy offense charged in Count Three are the same as those for Count One, except that there is no requirement for Count Three that the Government prove an overt act.  The Government must prove beyond a reasonable doubt the following two elements:

First: the existence, at or about the time alleged in the Indictment, of a conspiracy to commit honest services wire fraud; and

Second: that the defendant knowingly and willfully associated himself with, and joined in, the conspiracy.

As I instructed you earlier, the object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  Here, Count Three of the Indictment alleges that the

object of the conspiracy was to commit honest services wire fraud.  I will describe the elements of the substantive crime of honest services wire fraud for you now.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.  The offense alleged here is simply the conspiracy, or agreement, to commit these crimes.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-3; see United States v. Clemente, 22 F.3d 477, 480 (2d Cir. 1994) (discussing elements of Hobbs Act conspiracy); 18 U.S.C. § 1349 (containing no overt act requirement); United States v. Kazarian, 10 Cr. 895, 2012 WL 1810214, at 24 n.12 (S.D.N.Y. May 18, 2012); Adapted from Judge Richard J. Sullivan's instruction in United States v. Xing Wu Pan, No. 12 Cr. 153 (2013), and Judge Paul G. Gardephe's instruction in United States v. Marshall Patrick, No. 10 Cr. 447 (2011).

> Under Section 1349, it is not necessary for the Government to allege or prove the commission of an overt act in furtherance of the conspiracy.  *See Whitfield* v. *United States*, 543 U.S. 209, 214 (2005) (Where overt act requirement is not included in statutory language proof of an overt act is not required); *United States* v. *Kazarian*, No. 10 Cr. 895 (PGG), 2012 WL 1810214, at *24 (S.D.N.Y. May 18, 2012); *United States* v. *Albers*, No. 08 CR 819(NG)(RML), 2011 WL 1225548, at *1 (E.D.N.Y. March 31, 2011).

**Request No. 19: COUNT THREE: Conspiracy to Commit Honest Services Wire Fraud: Honest Services Wire Fraud: Elements of the Offense**

The crime of honest services wire fraud has three elements:

First, that there was a scheme or artifice to defraud the citizens of the United States and/or the Federal Bureau of Investigation of the intangible right of honest services of the defendant through bribery, as alleged in the Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, knowing its fraudulent nature and having the specific intent to defraud.

Third, that the scheme or artifice was executed using or causing the use of interstate or foreign wires.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-3; Judge Edward Weinfeld's instruction in United States v. Ranney, No. 82 Cr. 771 (1983); Judge Michael B. Mukasey's instruction in United States v. Uccio, 88 Cr. 906 (1989), aff'd, 917 F.2d 80 (1990); Judge John G. Koeltl's instruction in United States v. Szur, No. 97 Cr. 108 (1998); and Judge Charles S. Haight's instruction in United States v. Rogers, 90 Cr. 377 (1991); see also United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996); United States v. Altman, 48 F.3d 97, 101 (2d Cir. 1995); United States v. Mittelstaedt, 31 F.3d 1208, 1216 (2d Cir. 1994); United States v. Miller, 997 F.2d 1010, 1017 (2d Cir. 1993); United States v. Wallach, 935 F.2d 445, 461 (2d Cir. 1991); United States v. Rodolitz, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), cert. denied, 479 U.S. 826 (1986); Polycast Technology Corp. v.

<u>Uniroyal, Inc.</u>, 728 F. Supp. 926 (1989)
(elements of wire fraud).

**Request No. 20:  COUNT THREE: Conspiracy to Commit Honest Services Wire Fraud: Honest Services Wire Fraud: First Element: Existence of a Scheme or Artifice to Defraud**

The first element of honest services wire fraud is that there was a scheme or artifice to defraud the citizens of the United States and/or the Federal Bureau of Investigation of the honest services of the defendant through bribery, by means of false or fraudulent pretenses, representations, or promises.

I will now explain to you what these terms mean.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

"Fraud" is a general term.  It includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, concealment of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money, property, or the intangible right of honest services by trick, deceit, deception or swindle.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or

36

the concealment of material facts, and the expression of an
opinion not honestly entertained may also constitute false or
fraudulent statements under the statute.

The deception need not be premised upon spoken or written
words alone. The arrangement of the words, or the circumstances
in which they are used may convey the false and deceptive
appearance. If there is deception, the manner in which it is
accomplished is immaterial.

The deceptive means that are prohibited are also not
limited to active misrepresentations or lies told to the
intended victim of the scheme.  Just as affirmatively stating
facts as true when the facts are not true may constitute a false
representation, the law recognizes that false representations
need not be based on spoken words alone.  The deception may
arise from the intentional omission or concealment of facts that
make what was written, said, or done deliberately misleading.
The misrepresentation may be written, oral, or arise from a
course of conduct intended to communicate false facts to the
intended victim.

The false representations and pretenses must be "material."
We use the word "material" to distinguish between the kinds of
statements we care about and those that are of no real
importance.  A "material" fact is one which reasonably would be
expected to be of concern to a reasonable and prudent person

37

relying on the statement or writing in making a decision.  This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

It does not matter whether the intended victim actually relied upon the misrepresentation or omission.  It is sufficient if the misrepresentation is one that is merely capable of influencing the intended victim's decision and is intended by the defendant to do so. It is likewise not necessary for the Government to establish that the defendant actually realized any gain from the scheme.  The success of a scheme to defraud is irrelevant; what matters is whether there existed a scheme to defraud.

In order for you to find this element satisfied, you must find that the defendant was an official who owed a duty of honest and faithful disinterested service to the citizens of the United States and/or the Federal Bureau of Investigation, and, therefore, that those victims could be deprived of the defendant's honest services.

The government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant

38

actually realized any gain from the scheme or that the intended

victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence,

but may be established by all of the circumstances and facts in

the case.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-4, and Judge Shira
> A. Scheindlin's instruction in United States
> v. Vasilevsky, 08 Cr. 903 (2009); see Judge
> Vincent Briccetti's instruction in United
> States v. Lowe, 13 Cr. 985 (2014); Opinion
> and Order in United States v. Smith, No. 13
> Cr. 297 (Apr. 4, 2014 S.D.N.Y.); United
> States v. Thomas, 377 F.3d 232, 242 n.7 (2d
> Cir. 2004) ("To prove a scheme to defraud,
> the Government must prove three elements:
> (1) the existence of the scheme, (2)
> fraudulent intent (including some
> contemplated actual harm or injury), and (3)
> materiality") (citation omitted)); see
> Skilling v. United States, 561 U.S. 358
> (2010) (honest services fraud requires proof
> of a bribe or kickback); United States v.
> Bruno, 661 F.3d 733 (2d Cir. 2011);
> Middlemiss, 217 F.3d 112, 120 (2d Cir. 2000)
> (public officials owe duty of faithful
> service that is breached by acceptance of
> corrupt payment); United States v. Ganim,
> 510 F.3d 134 (2d Cir. 2007) (Government
> doesn't have to prove an explicit promise to
> commit a specific act at a specific time,
> proof is sufficient if official understands
> he is to exercise particular kinds of
> influence as specific opportunities arise).

**Request No. 21:  COUNT THREE: Conspiracy to Commit Honest**
**Services Wire Fraud: Honest Services Wire Fraud:**
**Second Element: Participation in Scheme with**
**Intent to Defraud**

The second element of the crime of honest services wire fraud is that the defendant participated in the scheme or artifice knowingly, willfully, and with the specific intent to defraud the victims of honest services.

The word "participated" is one that you are familiar with and, therefore, I do not need to spend much time defining it for you.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it. It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.  Nor is it necessary that the defendant have participated in the alleged scheme from the

40

beginning.  A person who comes in at a later point with
knowledge of the scheme's general operation, although not
necessarily all of its details, and intentionally acts in a way
to further the unlawful goals, becomes a participant in the
scheme.

I have previously noted, before the defendant may be
convicted of the conspiracy to commit fraud charged here, he
must also be shown to have acted knowingly and willfully and
also with a specific intent to defraud.

I have already defined for you the terms "knowingly" and
"willfully."  Those definitions apply here.

The defendant acted with "intent to defraud" if he engaged
or participated in the fraudulent scheme, aware of its
fraudulent or deceptive character and with the specific intent
to deceive, for the purpose of depriving another of the
intangible right of honest services.  The Government need not
prove that the intended victim was actually harmed; only that
such harm was contemplated.  Actors are presumed to intend the
natural and probable consequences of their actions.  So when the
necessary result of the actor's scheme is to injure others,
fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly,
willfully, and with intent to defraud is a question of fact for

41

you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-5, 44-11, and Judge Shira A. Scheindlin's instruction in <u>United States v. Vasilevsky</u>, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); <u>see</u> <u>also</u> <u>United States v. Schwartz</u>, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); <u>United States v. King</u>, 860 F.2d 54, 55 (2d Cir. 1988) (same); <u>United States v. Karro</u>, 257 F.3d 112, 118 (2d Cir. 2001) (defendant who intentionally provides false information to lender about her identity to obtain credit card has intent to defraud, whether or not she intended to repay debts).

**Request No. 22:  COUNT THREE: Conspiracy to Commit Honest Services Wire Fraud: Honest Services Wire Fraud: Third Element: Use of Interstate Wires**

The third element of the crime of honest services wire fraud is the use of an interstate or foreign wire communication in furtherance of the scheme.  I instruct you that the term "wires" includes telephones, text messages, faxes, e-mail, instant messages, and wire transfers between financial institutions.  The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as North Carolina, Pennsylvania, New Jersey, Delaware, Illinois, or California, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.  In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to make the call, send the email, or transfer the funds.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or

44

where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.  Incidentally, this wire communication requirement is satisfied even if the wire communication is done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the wire communication was reasonably foreseeable, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

With respect to the use of the wires, the Government must establish beyond a reasonable doubt the particular use charged in the indictment.  However, the Government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

45

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 44-7; Judge Edward
Weinfeld's instruction in United States v.
Ranney, 82 Cr. 771 (1983); Judge Michael B.
Mukasey's instruction in United States v.
Uccio, 88 Cr. 906 (1989), aff'd, 917 F.2d 80
(2d Cir. 1990); Judge Charles S. Haight's
instruction in United States v. Rogers, 90
Cr. 377 (1991); and Judge John G. Koeltl's
instruction in United States v. Szur, S5 97
Cr. 108 (1998); see United States v.
Blackmon, 839 F.2d 900, 907-08 (2d Cir.
1988) (regarding foreseeability of
interstate nature of communication); United
States v. Keats, 937 F.2d 58 (2d Cir. 1991)
(defendant need not have personally sent
charged wire communication; affirming
conviction where Government agent and
informant initiated charged telephone
calls); United States v. Muni, 668 F.2d 87,
89-91 (2d Cir. 1981) (extended discussion of
"foreseeability" of wire communication);
Schmuck v. United States, 489 U.S. 705
(1989); United States v. Paccione, 949 F.2d
1183, 1196 (2d Cir. 1991).

**Request No. 23: COUNT FOUR: Theft of Government Property**

Count Four of the Indictment charges the defendant with theft of government property, in violation of Title 18, United States Code, Section 641. Specifically -- and I am reading now from the Indictment -- Count Four charges that:

[The Court is respectfully requested to read Count Four of the Indictment.]

The criminal statute, Section 641, provides that:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof[, is guilty of a crime.]

47

**Request No. 24: COUNT FOUR: Theft of Government Property:
Elements of the Offense**

In order for you to find the defendant guilty of Count Four, the Government must prove beyond a reasonable doubt the following four elements:

*First*, that the money or property described in the Indictment belonged to the United States government;

*Second*, that the defendant stole or knowingly converted that property;

*Third*, that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property; and

*Fourth*, that the value of the property was greater than $1,000.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 23A-2.

48

**Request No. 25: COUNT FOUR: Theft of Government Property: First Element: Money or Property Belonged To The United States**

The first element the government must prove beyond a reasonable doubt is that the money or property belonged to the United States government.

To satisfy this element, the Government must prove that the confidential information and documents the defendant is alleged to have taken were "thing[s] of value to the United States." That means that at the time the confidential information and documents were allegedly obtained or converted, the United States government or the Federal Bureau of Investigation, which is an agency of the United States government, had either title to, or possession of, or control over the property.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 23A-3

**Request No. 26: COUNT FOUR: Theft of Government Property: Second Element: Defendant Stole or Knowingly Converted Stolen Property**

The second element which the government must prove beyond a reasonable doubt is that the defendant stole or knowingly converted money or property belonging to the United States Government.

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property.

To knowingly convert money or property means to use the property in an unauthorized manner in a way which seriously interfered with the government's right to use and control its own property, knowing that the property belonged to the United States, and knowing that such use was unauthorized.

> Adapted from the charge of Judge Lewis A. Kaplan in (LAK) in *United States v. Marcucilli, et al.*, 07 Cr. 1240 (LAK), Tr. 466 (S.D.N.Y. 2007), and from Sand, *Modern Federal Jury Instructions*, Instr. 23A-4.

**Request No. 27: COUNT FOUR: Theft of Government Property: Third Element: Intent**

The third element the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of the property.

To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

To act willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or disregard the law.

Whether the defendant acted knowingly and willfully may be proven by the defendant's conduct and by all of the circumstances surrounding the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 23A-5; *United States* v. *Archer*, 671 F.3d 149, 159 (2d Cir. 2011) (holding that the instruction that "[t]o act 'knowingly' means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness … accurately describes the 'knowingly' element of the charged offense"); *Bryan* v. *United States*, 524 U.S. 184, 190 (1998) (approving jury instructions that "[a] person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law").

**Request No. 28: COUNT FOUR: Theft of Government Property: Fourth Element: Value of Property**

The fourth and final element the Government must prove beyond a reasonable doubt is that the value of the property stolen or knowingly converted was greater than $1,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.

In determining the value of the property stolen, you may consider the aggregate or total value of the property referred to in the Indictment.  If you find that the aggregate value is $1,000 or less, then you must find the defendant not guilty.  On the other hand, if you find the aggregate value to be greater than $1,000, then this element is satisfied.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 23A-6; *United States* v. *Jones*, 278 F. App'x 12, 14 (2d Cir. 2008) ("under the statute, the word 'value' means 'face, par, or market value, or cost price, either wholesale or retail, *whichever is greater*.'" (quoting 18 U.S.C. § 641) (emphasis in opinion)).

**Request No. 29: COUNT FIVE: Unauthorized Disclosure of a
Suspicious Activity Report**

Count Five of the Indictment charges the defendant with

unauthorized disclosure of a Suspicious Activity Report, known

as a "S.A.R.," in violation of Title 31, United States Code,

Section 5322(a). Specifically -- and I am reading now from the

Indictment -- Count Five charges that:

[The Court is respectfully requested to read Count Five of

the Indictment.]

The criminal statute, Section 5322(a), provides that:

> A person willfully violating this subchapter
> or a regulation prescribed or order issued
> under this subchapter . . . [is guilty of a
> crime.]

The following regulation is prescribed under this

subchapter, and codified at Title 31, Code of Federal

Regulations, Section 1023.320:

> (1) Every broker or dealer in securities
> within the United States (for purposes of
> this section, a "broker-dealer") shall file
> with FinCEN, to the extent and in the manner
> required by this section, a report of any
> suspicious transaction relevant to a
> possible violation of law or regulation. A
> broker-dealer may also file with FinCEN a
> report of any suspicious transaction that it
> believes is relevant to the possible
> violation of any law or regulation but whose
> reporting is not required by this section. .
> . .
>
> . . . .
>
> (e) Confidentiality of SARs. A SAR, and any
> information that would reveal the existence

53

of a SAR, are confidential and shall not be
disclosed except as authorized in this
paragraph (e). For purposes of this
paragraph (e) only, a SAR shall include any
suspicious activity report filed with FinCEN
pursuant to any regulation in this chapter.

. . . .

(2) Prohibition on disclosures by government
authorities. A Federal, State, local,
territorial, or Tribal government authority,
or any director, officer, employee, or agent
of any of the foregoing, shall not disclose
a SAR, or any information that would reveal
the existence of a SAR, except as necessary
to fulfill official duties consistent with
Title II of the Bank Secrecy Act.

**Request No. 30:   COUNT FIVE: Unauthorized Disclosure of a
Suspicious Activity Report: Elements of the
Offense**

In order to prove the defendant guilty of the offense
charged in Count Five, the Government must establish beyond a
reasonable doubt:

First, that the defendant disclosed a suspicious activity
report, which disclosure was not necessary to fulfill official
duties; and

Second, that the defendant did so knowingly and willfully.
I have already instructed you on the meaning of the term
"knowingly," and you should apply those same instructions here.
A "willful" violation of the requirement can only occur if the
government proves beyond a reasonable doubt that the defendant
knew of the non-disclosure requirement for Suspicious Activity
Reports and that the defendant acted with the specific intent to
violate that requirement.

If you find that defendant had knowledge of the non-
disclosure requirement and acted voluntarily, intentionally, and
with the bad purpose to disobey or disregard the law by
disclosing the suspicious activity report, then this element is
satisfied.

>Adapted from Sand, *Modern Federal Jury
>Instructions*, Instr. 50B-5.

**Request No. 31: Circumstantial Proof of Agreement or Scheme**

Corruption schemes are designed to be secret; secrecy and concealment are common features of such schemes. Bribes are seldom accompanied by written contracts, receipts or public declarations of intentions. As a result, you may infer that a corrupt agreement existed (a) from evidence that money, property, or other valuable things were received to benefit the public official directly or indirectly; (b) from evidence that an official favor was done or contemplated by the public official; and (c) from behavior indicating consciousness of guilt, such as concealment of material facts. Whether or not you decide to draw these inferences is your decision.

> See e.g., United States v. Bruno, 661 F.3d 733, 744 (2d Cir. 2011) ("[A] jury may infer guilt from evidence of benefits received and subsequent favorable treatment, as we as from behavior indicating consciousness of guilt." (citations omitted)); United States v. Friedman, 854 F.2d 535, 553-54 (2d Cir. 1988); United States v. Biaggi, 909 F.2d 662, 684 (2d Cir. 1990) ("We have recognized, especially with respect to public officials, that evidence of the receipt of benefits followed by favorable treatment may suffice to establish circumstantially that the benefits were received for the purpose of being influenced in the future performance of official duties, thereby satisfying the quid pro quo element of bribery."); United States v. Massey, 89 F.3d 1433, 1439 (11th Cir. 1996) (to hold otherwise in a corrupt payment case would allow defendants to escape liability with winks and nods, even when the evidence as a whole proves that there has been a

meeting of the minds to exchange official action for money); <u>United States v. Friedman</u>, 854 F.2d at 554 ("a jury can in such cases infer guilt from evidence of benefits received and subsequent favorable treatment, as well as from behavior indicating consciousness of guilt"); <u>United States v. Moeller</u>, 80 F.3d 1053, 1057–59 (5th Cir. 1996); <u>United States v. Biaggi</u>, 909 F.2d 662, 684 (2d Cir. 1990); <u>United States v. Bonito</u>, 57 F.3d 167, 174 (2d Cir. 1995) (corrupt intent shown through fabrication of sham promissory note); <u>United States v. Middlemiss</u>, 217 F.3d 112, 119 (2d Cir. 2000) (false exculpatory statements and other circumstantial evidence permit jury to infer guilt); <u>United States v. McDonough</u>, 56 F.3d 381, 389 (2d Cir. 1995).

**Request No. 32: Venue**

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of each crime occurred within the Southern District of New York, which includes Westchester County, as well as Manhattan, the Bronx, Putnam, Dutchess, Rockland, Orange, and Sullivan Counties.  This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime occurred within the Southern District of New York.

As to the venue requirement, and the venue requirement only, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime that you are considering or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York, including in Westchester County.

If you find that the Government has failed to prove this venue requirement as to any count, then you must acquit the defendant on that count.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 3-11; see United States
> v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.
> 1991) (affirming that venue is governed by a
> preponderance standard).

**Request No. 33: Variance in Dates and Amounts**

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instrs. 3-12 and 3-13.

**Request No. 34: Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16, and Judge Gerard E. Lynch's instruction in United States v. Keith Robinson, 02 Cr. 1283 (GEL).

**Request No. 35: Accomplice Testimony [If applicable]**

You have heard from witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice or cooperating witnesses in the summations of counsel and about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a

61

witness is an accomplice can be considered by you as bearing

upon his or her credibility.   It does not follow, however, that

simply because a person has admitted participating in one or

more crimes, that he or she is incapable of giving a truthful

version of what happened.

    Like the testimony of any other witness, accomplice witness

testimony should be given such weight as it deserves in light of

the facts and circumstances before you, taking into account the

witness's demeanor and candor, the strength and accuracy of his

or her recollection, his background, and the extent to which the

testimony is or is not corroborated by other evidence in the

case.

    You may consider whether an accomplice witness – like any

other witness called in this case – has an interest in the

outcome of the case, and if so, whether it has affected his or

her testimony.

    You heard testimony about an agreement between the

Government and the witness.   I caution you that it is no concern

of yours why the Government made an agreement with a witness.

Your sole concern is whether a witness has given truthful

testimony here in this courtroom before you.

    In evaluating the testimony of an accomplice witness, you

should ask yourselves whether the accomplice would benefit more

by lying or by telling the truth.   Was his testimony made up in

any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it.  That is a determination entirely for you.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 7-5, and Judge Gerard
E. Lynch's instruction in United States v.
Michael Jones, No. 02 Cr. 674.

**Request No. 36: Preparation of Witnesses [If applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from Judge Richard J. Sullivan's instruction in United States v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

**Request No. 37: Acts and Statements of Co-Conspirators**

Certain evidence was admitted at this trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes as agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant under consideration was a member of the conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant. This is so even if such acts were

committed or such statements were made in that defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of a defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy they may not be considered by you in deciding whether a defendant is guilty or not guilty.

> Adapted from Judge Michael B. Mukasey's
> instruction in United States v. Salam, No.
> S1 98 Cr. 208 (S.D.N.Y. 1999).

**Request No. 38: Use of Evidence Obtained During Search**

You have heard evidence that law enforcement officials recovered certain evidence during searches of email accounts, cellphones, and homes.  This evidence was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from Judge Pierre N. Leval's
> instructions in United States v. Ogando, 90
> Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968
> F.2d 146 (2d Cir. 1992), and United States
> v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y.
> 1992).

**Request No. 39: Particular Investigative Techniques [If applicable]**

During the trial you have heard testimony of witnesses and argument by counsel that the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, each defendant's guilt has been proved beyond reasonable doubt.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 4-4.

**Request No. 40:  Charts and Summaries Admitted in Evidence [If applicable]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 5-12.

69

**Request No. 41: Charts and Summaries not Admitted as Evidence
[If applicable]**

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.  The charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 5-13, and Judge Richard
> J. Sullivan's instruction in United States
> v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y.
> 2008).

**Request No. 42: Stipulations of Testimony [If applicable]**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 5-7.

**Request No. 43: Stipulations of Fact [If applicable]**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 5-6.

**Request No. 44: Redaction of Evidentiary Items [If applicable]**

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

**Request No. 45: Uncalled Witness Equally Available to Both Sides**
**[If applicable]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 6-7, and Judge Richard
> J. Sullivan's instruction in United States
> v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y.
> 2008).

74

**Request No. 46: Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from Judge Vincent L. Briccetti's
> instruction in United States v. Wilson, 10
> Cr. 0233 (VB) (S.D.N.Y. 2011).

**Request No. 47: Character Witnesses [If applicable]**

There has been testimony that the defendant [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community]. This testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness' opinion as to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-15; see United States v. Pujana-Mena, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

76

**Request No. 48: Defendant's Testimony [If applicable]**

The defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> See United States v. Brutus, 505 F.3d 80,
> 87-88 (2d Cir. 2007) (discussing appropriate
> charges when a defendant testifies).

77

**Request No. 49: Defendant's Right not to Testify [If applicable and requested]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 5-21.

**Request No. 50: Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

In submitting these requests to charge, the Government reserves its right to request additional or modified requests at or near the close of evidence.

Dated:     White Plains, New York
           November 3, 2014

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York


                         By:  ____/s/_____
                              Benjamin Allee
                              Assistant United States Attorney
                              (914) 993-1962

                              JACK SMITH
                              Chief, Public Integrity Section
                              Department of Justice


                         By:  ____/s/_____
                              Emily Rae Woods
                              Trial Attorney
                              (202) 616-2691