

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

February 5, 2019

**BY HAND and ECF**
Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    **United States v. Robert Lustyik**
             **13 Cr. 616 (VB); 18 Civ. 11235 (VB)**

Dear Judge Briccetti:

The Government respectfully submits this letter brief in opposition to Petitioner Robert Lustyik's December 3, 2018 motion to vacate his sentence under 28 U.S.C. §2255 (the "2255 Motion"). As discussed below, the 2255 Motion is untimely and should be denied.

I.    Background

The Indictment charged Petitioner with (1) conspiring to bribe a public official, in violation of 18 U.S.C. § 371 (Count One); (2) soliciting bribes by a public official, in violation of 18 U.S.C. § 201(b)(2)(C) (Count Two); (3) conspiring to commit wire fraud and honest service fraud, in violation of 18 U.S.C. § 1349 (Count Four); (4) theft of government property, in violation of 18, U.S.C. § 641 (Count Five); and (5) unauthorized disclosure of a suspicious activity report, in violation of 31 U.S.C. §5322(a) (Count Seven).

On December 23, 2014, Lustyik pleaded guilty, without a plea agreement, to Counts One, Two, Four, Five, and Seven of the Indictment. On September 14, 2015, he was sentenced to a term of incarceration of 60 months, to run consecutive to a sentence of ten years that he had received in a separate case in United States District Court for the District of Utah. On September 24, 2015, Lustyik filed a notice of appeal. The United States Court of Appeals for the Second Circuit granted the Government's motion for summary affirmance on September 6, 2016. Lustyik did not file a petition for a writ of certiorari.

Lustyik now seeks to have his sentence vacated due to the alleged ineffectiveness of his counsel in the presentencing period and at sentencing. Specifically, Lustyik contends that his counsel failed to contest alleged inaccuracies in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, thereby purportedly resulting in an increased sentence and "public safety factor" designation by the Bureau of Prisons.

Although filed with the Court on December 3, 2018, the 2255 Motion is dated November 2,

Case 7:13-cr-00616-VB   Document 220   Filed 02/05/19   Page 2 of 4

Page 2

2018, and according to Petitioner, was placed in the prison mailing system on the same date. Lustyik asserts that the 2255 Motion is timely pursuant to 28 U.S.C. § 2255(f)(4) because "facts new to the Petitioner" were contained in the Court's Order dated November 6, 2017, which stated that a certain passage in the PSR relating to the existence of a scheme to kidnap or physically harm an individual was not contested at sentencing.

On December 7, 2018, this Court directed the Government to respond to the 2255 Motion, limiting its response to the question of whether the 2255 Motion was timely filed. As discussed below, the 2255 Motion was untimely and should therefore be denied.

II.     The 2255 Motion is Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period that runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), a motion must be filed within one year of the date that the underlying conviction becomes final. Where the appellate court affirms a conviction and the appellant does not seek certiorari, the conviction become final when the time period for filing a petition for a writ of certiorari expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). The time to file a petition for a writ of certiorari to review a judgment entered by a United States Court of Appeals expires 90 days after the entry of the judgment. *Id.*; Supreme Court Rule 13(1) and 13(3).

Here, the Court of Appeals affirmed the judgment of conviction on September 6, 2016. *United States v. Lustyik*, No. 15-3030 (2d Cir.) (Dkt. No. 51). The judgment of conviction became final when the time for filing a petition for a writ of certiorari lapsed on or about December 5, 2016. Accordingly, the 2255 Motion, which was filed nearly two years after the judgment became final, is untimely.[1]

Petitioner attempts to rely on subsection 2255(f)(4) to extend the limitations period to November 6, 2018. See 2255 Motion ¶ 18. In particular, Petitioner asserts the following:

---

[1] *A pro se* petition is deemed filed on the date that the inmate delivers it to the prison officials for transmittal to the court. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Under Rule 3(d) of the Rules Governing Section 2255 Proceedings, a "paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last date for filing …. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *See Jesus v. United States*, 2016 WL 2742409 (S.D.N.Y. May 10, 2016). Here, the 2255 Motion contains a declaration by Lustyik setting forth the date of deposit in the prison mailing system – November 2, 2018 – but omitting that first-class postage had been prepaid. *See* 2255 Motion at 13. Nevertheless, even assuming that the 2255 Motion is deemed filed on November 2, 2018, it is untimely for the reasons explained herein.

> On November 6, 2017, Judge Briccetti issued an Order stating ". . . the Court now specifically finds that Mr. Lustyik was not involved in any scheme to kidnap or physically harm Individual 1." Judge Briccetti continued, "However, it is not clear that the Court has authority to revise the PSR at this time, especially since **this particular statement in the PSR was not contested at Lustyik's sentencing. This was new information to me**, because I was not advised by Soloway at any time as to which elements of the PSR he was contesting.

*See* 2255 Motion Ex. E ¶ 6 (emphasis added).

Contrary to Petitioner's assertion, the Court's November 6, 2017 Order does not include any new facts that would render the 2255 Motion timely. Lustyik, of course, was present at his own sentencing on September 14, 2015, and thus knew firsthand what did and did not take place during that proceeding. This includes what was, and was not, contested in the PSR. Asked at the sentencing whether he had read the PSR, Lustyik responded, "I've had it read to me, yes." *See* 2255 Motion Ex. F at 3. The Court then asked whether Lustyik had any objection to the factual statements in the PSR. Defense counsel responded that Lustyik had no objections, except for one paragraph (unrelated to kidnapping issue) concerning a contract arrangement for the payment of certain fees by co-defendant Rizve Ahmed and his associates to Lustyik and another co-defendant, Johannes Thaler. *Id.* at 6-7. Except for that paragraph, the Court then explicitly adopted "the factual statements in the PSR as the Court's own findings of fact for purposes of sentencing." *Id.* at 7. Later in the proceeding, the Court returned to the issue of the PSR and asked whether Lustyik had any objections to the PSR other than what had already been discussed. Defense counsel responded, "No, Your Honor." *Id.* at 45. Accordingly, the facts concerning the portions of the PSR that were contested were known as of the sentencing proceeding in 2015, and the information that Petitioner relies on from the Court's November 6, 2017 Order is simply not new.

Even assuming, *arguendo*, that Lustyik did not hear what was discussed at his own sentencing, he certainly could have arranged to obtain a transcript of the proceeding, as due diligence would have demanded, but he failed to do so until more than two years after his sentencing. *See* 2255 Motion Ex. E ¶ 7. Subsection 2255(f)(4) extends the limitations period only where new facts could not have been discovered through the exercise of due diligence, and thus does not apply here.

While Lustyik bases his subsection 2255(f)(4) argument specifically on the Court's November 6, 2017 Order, it bears noting that all the supporting facts listed in the 2255 Motion, *see* 2255 Motion at 5(a)-6(a), consist of information that had to have been known by, or was readily available to, Lustyik as of December 5, 2016, when his judgment of conviction became final. In particular, Lustyik admitted being aware of the contents of the PSR at his sentencing in 2015. *See* 2255 Motion Ex. F at 3. He would have been aware of how much time he had spent reviewing the PSR. He was also obviously aware of his sentencing in the separate District of Utah case, which took place March 30, 2015. And, needless to say, he would have been aware of whether or not he had participated in a scheme to kidnap or harm an individual.[2]

---

[2] Lustyik claims that he had not been aware of the "extent of the arguments" made at the sentencing proceedings of his co-defendants relating to the kidnapping issue until sometime after the Court's November 6, 2017 Order, when he arranged for his friends to access court filings on PACER. *See*

In short, Lustyik has failed to present any new facts that could not have been discovered through the exercise of due diligence, and thus subsection 2255(f)(4) does not extend the limitations period to November 6, 2018, as he seeks.

Finally, while the one-year limitation period under 28 U.S.C. § 2255(f) may be subject to equitable tolling, a petitioner is entitled to such relief only if he shows both that he pursued his rights diligently and that some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling available only where "rare and exceptional circumstance" prevents timely filing and petitioner showed "reasonable diligence" throughout period he seeks to toll). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling," *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011), and "the usual problems inherent in being incarcerated do not justify [it]," *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003). If a diligent petitioner could have timely filed the petition notwithstanding the extraordinary circumstances, tolling is unavailable. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001).

Here, Petitioner has neither presented any evidence of "rare and exceptional circumstances," nor demonstrated the requisite diligence for tolling. Indeed, any argument by the Petitioner for equitable tolling would fail, at minimum, for the same reason that his Petition is untimely under subsection 2255(f)(4): the Court's November 6, 2017 Order contained no new fact that allowed Lustyik to assert a claim that he could not have made beforehand.

III.     Conclusion

For all of these reasons, the 2255 Motion should be denied.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

By:    /s/ Daniel M. Loss
        Assistant U.S. Attorney
        (914) 993-1924

cc:    Robert G. Lustyik, Jr.
       FCI Fairton – Satellite Camp
       P.O. Box 420
       Fairton, NJ  08320

---

2255 Motion Ex. E ¶¶ 7-8. As an initial mater, arguments do not constitute facts. Furthermore, Lustyik admits that he knew that the Court had rejected the Government's contentions regarding the kidnapping issue as of "early 2017," well more than one year before he filed the 2255 Motion. *Id.* ¶ 4. Additionally, contrary to Lustyik's assertion in the 2255 Motion that he "had not been aware of the events of . . . [co-defendant Johannes] Thaler's sentencing hearing" and "had not seen the transcripts," Lustyik admitted at the time of his own sentencing in 2015 that he had read Thaler's court transcripts. *Compare id.* with 2255 Motion Ex. F at 79.