UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                :
                                        :     **ORDER**
v.                                      :
                                        :     13 CR 616-1 (VB)
ROBERT G. LUSTYIK,                      :
                    Defendant.          :
--------------------------------------------------------------x

By motion dated May 20, 2022, defendant Robert G. Lustyik seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Lustyik, whom the Bureau of Prisons ("BOP") released to home confinement in June 2020, claims that if for some reason he were returned to prison, his chronic health conditions would put his life at risk because he would not receive the high quality of medical care he currently receives while on home confinement. Lustyik also claims he was a model prisoner, he has complied with all conditions of home confinement, and he contributes to his family's well-being.

For the reasons set forth below, the motion is DENIED.[1]

In December 2014, Lustyik pleaded guilty to soliciting bribes (and related offenses) while serving as a special agent of the Federal Bureau of Investigation ("FBI"). He had previously pleaded guilty in the District of Utah to accepting bribes in return for interfering in a pending criminal investigation of a business associate. In March 2015, Lustyik was sentenced in the Utah case to 120 months' imprisonment and three years of supervised release. In September 2015, this Court sentenced Lustyik to 60 months' imprisonment and two years' supervised release, to run consecutively to the sentence imposed in the Utah case.[2]

At the time of his sentencing in the instant case, the Court noted that Lustyik had engaged in brazen corruption in violation of his oath as a special agent, and that his actions threatened to undermine the public's trust and confidence in the FBI. In imposing sentence, the Court took into account the reprehensible nature and circumstances of the offense, as well as the fact that Lustyik committed the offense at the same time he was going to great lengths to obstruct a criminal investigation in Utah. The Court also took into account, among other things, that Lustyik had a 23-year record of honorable public service as a special agent and counter-intelligence officer, and that he would also have to serve a 10-year sentence in the Utah case.

---

[1] Lustyik also requests the appointment of counsel. That application is denied. "[A] defendant filing a compassionate release motion [under 18 U.S.C. § 3582(c)(1)(A)] . . . has no constitutional or statutory right to the assistance of counsel." United States v. Fleming, 5 F.4th 189, 192 (2d Cir. 2021). "The appointment of [Criminal Justice Act] counsel at this stage rests in the court's sole discretion." Id. at 194 n.4. Here, defendant has submitted a detailed motion, including numerous attachments, and the issues presented by the motion are not complex. Accordingly, in an exercise of its discretion, the Court declines to appoint counsel.

[2] This 60-month sentence represented a substantial downward variance from the applicable sentencing range of 87-108 months' imprisonment.

Pursuant to 18 U.S.C. § 3553(a), the Court found that the sentence in this case, when combined with the sentence in the Utah case, was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct.

When the BOP released Lustyik to home confinement in June 2020, he had served less than half of his fifteen-year prison sentence. Lustyik is scheduled to remain on home confinement until August 2026.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Lustyik's concern that his chronic health conditions would put his life at risk if he were returned to prison because he would not receive the high quality of medical care he currently receives while on home confinement does not constitute an extraordinary or compelling reason to reduce his sentence. First of all, Lustyik is fully vaccinated, which means that notwithstanding his underlying health conditions, his risk of severe complications from COVID-19 is substantially reduced. Moreover, Lustyik has not provided any basis for the Court to believe he is likely to be returned to prison to serve out the remainder of his sentence, or that the medical treatment he would receive in a BOP facility would be inferior to the treatment he now receives. Indeed, Lustyik's BOP medical records show that while he was in custody he received adequate treatment, including prescription medication, for his various health conditions.

Lustyik also claims he was a model prisoner, he has complied with all conditions of home confinement, and he contributes to his family's well-being. The Court congratulates Lustyik on these accomplishments. But none of these things constitutes an extraordinary or compelling reason to reduce his sentence. Being a model prisoner is ordinary, and expected. Complying with the conditions of home confinement is ordinary, and expected. Contributing to one's family's well-being is ordinary, and expected. Lustyik also asserts he cannot obtain a desired coaching job because BOP's home confinement rules do not allow him to stay overnight away from home, and that he cannot work as a life coach or personal trainer because the rules also prevent him from being self-employed. None of this is either extraordinary or compelling—Lustyik can find another job that does not require overnight stays and that otherwise complies with the conditions of home confinement.

Finally, the fact that the BOP (without consulting the Court) decided to release Lustyik to home confinement several years earlier than he would have been released had it not been for the COVID-19 pandemic, when the vast majority of other prisoners were not released, is relevant. Under normal circumstances, Lustyik would currently be serving his well-deserved fifteen-year prison sentence. Instead, he is living at home with his family. The Court sees no reason to further reduce Lustyik's sentence.

In short, no extraordinary and compelling reasons warrant an early release from home confinement in this case.

As required by Section 3582(c)(1)(A), the Court has also considered the Section 3553(a) factors "to the extent that they are applicable." The serious nature of Lustyik's offense—bribery and obstruction of justice committed by an FBI agent—warranted this Court's 60-month sentence (to run consecutively to the 120-month Utah sentence) at the time it was imposed. The sentence was designed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct. The need to promote respect for the law, provide just punishment, and deter Lustyik from future criminal conduct weighs strongly against Lustyik's early release from home confinement, especially considering the seriousness of his offense and the fact that he served less than half of the prison sentence imposed. Indeed, to grant the relief Lustyik seeks would be both unjust and promote disrespect for the law.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following addresses:

Robert G. Lustyik, Reg. No. 91912-054
RRM New York
Residential Reentry Office
100 29th Street
Brooklyn, NY  11232

Robert G. Lustyik
21 Devries Avenue
Sleepy Hollow, NY  10591

Dated: August 8, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge