UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED JUN 26 2024

UNITED STATES OF AMERICA

vs.

ROBERT G. LUSTYIK, JR

CRIMINAL NO. 7:13-cr-00616-VB-1

June 19, 2024

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

On September 14, 2015, Robert G. Lustyik, Jr., was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and he is now eligible for a reduction in sentence. 18 U.S.C. § 3582(c)(2). Mr. Lustyik, Jr. respectfully requests that the Court enter an amended judgment in his case pursuant to 18 U.S.C. § 3582(c)(2), which implements Amendment 821, Part B, to the United States Sentencing Guidelines ("U.S.S.G."). Specifically, Mr. Lustyik Jr. asks this Court to reduce his sentence of imprisonment from 60 months to 41 months. At the very least, his sentence should be reduced proportionally based on his amended Guidelines range—particularly in which the government sought a Guidelines sentence. On December 23, 2014, Mr. Lustyik, Jr. pled guilty to Conspiracy to Bribe a Public Official, In violation of 18 U.S.C. § 371 (COUNT #1), Soliciting Bribes by a Public Official, in violation of 18 U.S.C. § 201(b)(2)(c) (COUNT #2), Conspiracy to Commit Wire Fraud & Honest Services Fraud, in violation of 18 U.S.C. § 1349 (COUNT #4), Theft of Government Property, in violation of 18 U.S.C. § 641 (COUNT #5), and Unauthorized Disclosure of a Suspicious Activity Report, in violation of 18 U.S.C. § 5322(a) (COUNT #7). On September 14, 2015, the Court sentenced Mr. Lustyik, Jr. to 60 months imprisonment on Count 1,2,4,5 and 7, to be served concurrently with each other and

consecutively to the sentence imposed on March 30, 2015, in the United States District Court for the District of Utah, in United States v. Robert G. Lustyik, Jr. Case No. DUTX 2:12CR00645-001 TC. (Doc. No. 198.) Mr. Lustyik, Jr. was also sentenced to two years' supervised release on Counts 1, 2, 4, 5. and 7, to be served concurrently. (*Id.*) As outlined by the Probation Department in the Presentence Investigation Report ("PSR") and the U.S.S.G Sentencing range for the purposes and goals of sentencing as set forth in 18 U.S.C. § 3553 it was determined Robert G. Lustyik, Jr.'s offense level was calculated at 34, Because Mr. Lustyik, Jr. had no prior convictions, the PSR listed his Criminal History Category as I, falling withing Zone D of the U.S.S.G. sentencing table.

An offense level of 34 and a Criminal History Category of I resulted in a Guidelines range of 155 to 188 months (DOC 197-1), (*Id.* at ¶ 46). At sentencing, the Court adopted this Guidelines range (Statement of Reasons ("SOR") at § III, Doc. No. 68) and sentenced Mr. Lustyik, Jr. to 60 months' imprisonment on Count 1, 2, 4, 5, and 7

Mr. Lustyik, Jr. has been incarcerated since October 13, 2022. He is currently in home confinement at 21 Devries Avenue, in Sleepy Hollow, New York, 10591 with an estimated release date of August 23, 2025.

Section 3582 of Title 18 provides for reduction of a previously imposed sentence of imprisonment under certain circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 821 to the Sentencing Guidelines took effect on November 1, 2023, after Mr. Lustyik, Jr. was sentenced. *See* U.S.S.G., App. C, Amendment. 821 (2023). The amendment Is retroactive. *See* U.S.S.G. § 1B1.10(d). Part B of the amendment addresses zero-point offenders. *See* § 4C1.1. If a defendant receives no criminal history points under Chapter Four, Part A, *see* § 4C1.1(a)(1), a court should reduce that defendant's offense level under Chapters Two and Three by two levels. To qualify for a reduction, a zero-point offender must meet all of the following criteria, *see* §§ 4C1.1(a)(2)–(10):

2) The defendant did not receive an adjustment under §3A1.4 (Terrorism);
3) The defendant did not use violence or credible threats of violence in connection with the offense.
4) The offense did not result in death or serious bodily injury.
5) The instant offense of conviction is not a sex offense.
6) The defendant did not personally cause substantial financial hardship.
7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or this dangerous weapon (or induce another participant to do so) in connection with the offense;
8) The instant offense of conviction is not covered by §2H1.1 (Offense Involving Individual Human Rights);
9) The defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
10) The defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined at 21 U.S.C. § 848.

Amendment 821 lowers the sentencing range applicable to Mr. Lustyik, Jr. He received no criminal history points, and he meets all of the criteria listed in §§ 4C1.1(a)(2)– (10). Reducing Mr. Lustyik, Jr.'s offense level by two levels results in an amended offense level of 32. An offense level of 32 reduces the Guidelines range from 155-188 months to 121-151 months. Accordingly, Mr. Lustyik, Jr. is eligible for relief under § 3582(c)(2) and his Guidelines sentence should be reduced accordingly.

Mr. Lustyik, Jr.'s post-sentencing conduct lends further support to his request for a reduced sentence. At the outset, thus far, he has received no disciplinary tickets during his incarceration. He has completed several educational and developmental courses; including Resolve psychological Program Graduate, Skills Mentor, Suicide Watch Companion, Victim's Impact Program Graduate all completed at Danbury FPC. Also completed at Fairton Camp was M.I.L.E. Program Graduate, M.I.L.E Program Instructor, and Instructor of In and Out Dad parent counseling class. Mr. Lustyik, Jr. also held employment positions as a Head Orderly and Skills Mentor, Suicide Watch Companion, Head Recreation Clerk all at Danbury FCI and also was employed at UNICOR at the Fairton Camp. He has earned the maximum credits under the First Step Act (Public Law 115-391). He is currently on home confinement with no incident reports, does not own any restitution due. He has a re-entry plan that involves continued living with his wife and his daughter, who he has been living with during his home confinement, in New York, and he has had a successful significant period of home confinement supervision.

To be sure, the Court was aware of Mr. Lustyik, Jr.'s lack of criminal history when it sentenced him; however, the Sentencing Commission and Congress have now sought to ensure that "zero point" history is accounted for with a two-point reduction in the offense level, resulting in a lower Guidelines range and, presumably, reduced sentences. This is, in part, because recidivism data demonstrated that "zero-point" offenders "have considerably lower recidivism rates than other offenders, including lower recidivism rates than the offenders in Criminal History Category I with one criminal history point." United States Sentencing Commission, *Proposed 2023 Amendments to the Federal Sentencing Guidelines,* at 180, https://www.ussc.gov/guidelines/amendments/proposed-2023-amendments-federal-sentencing-guidelines. In a case where the Government advocated for a Guidelines

sentence, and where a Guidelines sentence was received, Mr. Lustyik, Jr.'s sentence should be reduced to reflect his lower amended Guidelines range, which now properly accounts for the fact that he is a "zero point" offender.

For the reasons set forth above, the defendant, Robert G. Lustyik, Jr., respectfully asks the Court to issue an amended judgment reducing his sentence from 60 months to 41 months or to a sentence the Court deems appropriate in the amended Guidelines range

Respectfully

submitted, THE

DEFENDANT,
Robert G. Lustyik, Jr.

PRO SE

Dated: June 23, 2024,

Robert G. Lustyik, Jr.
Defendant as pro se
21 Devries Avenue
Sleepy Hollow
Phone: (914) 420-2463
Email: stonecrossings@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2024, a copy of the foregoing document was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_Robert G. Lustyik, Jr._

[Pro Se]









TARRYTOWN, NY 10591
JUN 25, 2024
10601
$30.45
RDC 07
R2305M146539-95

PRESS FIRMLY TO SEAL      PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS®
FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

UNITED STATES POSTAL SERVICE® PRIORITY MAIL EXPRESS®

EI 980 374 732 US

CUSTOMER USE ONLY
FROM: (PLEASE PRINT)  PHONE ( 914 ) 332-7418
Robert Lustyik
9 Devries Ave.
Sleepy Hollow, NY 10591

TO: (PLEASE PRINT)
United States District Court  U.S.
District of NY / White Plains Courthouse
*Charles L. Brieant JR. Fed. Building
300 Quarropas St.
White Plains, NY
10601

PO ZIP Code: 10591
Date Accepted: 6/26/24
Time Accepted: 0:35 AM
Scheduled Delivery Date: 6/26/24
Scheduled Delivery Time: 6:00 PM
Weight: 3.4 oz
Postage: $30.45
Total Postage & Fees: 30.45

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

PEEL FROM THIS CORNER

To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP

PS10001000006
EP13F July 2022
OD: 12 1/2 x 9 1/2

UNITED STATES POSTAL SERVICE.