```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                    :
                                            :         ORDER
    v.                                      :
                                            :         13 CR 616-1 (VB)
ROBERT G. LUSTYIK,                          :
                        Defendant.          :
--------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/24

Copies Mailed/Faxed 7/10/24 DH
Chambers of Vincent L. Briccetti

By motion dated June 23, 2024, defendant Robert G. Lustyik seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

For the reasons set forth below, the motion is DENIED because Lustyik is not eligible for a reduction of his term of imprisonment.

On December 23, 2014, Lustyik pleaded guilty to soliciting bribes (and related offenses) while serving as a special agent of the Federal Bureau of Investigation. He had previously pleaded guilty in the District of Utah to accepting bribes in return for interfering in a pending criminal investigation of a business associate. On March 30, 2015, Lustyik was sentenced in the Utah case to 120 months' imprisonment and three years of supervised release. On September 14, 2015, this Court sentenced Lustyik to 60 months' imprisonment and two years of supervised release, to run consecutively to the sentence imposed in the Utah case.[1]

At sentencing in the instant case, the Court determined that the applicable guideline range was 87-108 months' imprisonment, based on a final offense level of 28 and a criminal history category of II. Lustyik's criminal history category was II because he had 3 criminal history points as a result of the sentence imposed in March 2015 in the Utah case. See Guidelines § 4A1.1(a). In addition, because the Court found that Lustyik was a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive, his final offense level included a 3-level aggravating role adjustment under Guidelines § 3B1.1(b).

Lustyik claims he is eligible for a 2-level decrease in his final offense level because he is a "zero-point offender" as that term is defined in Guidelines § 4C1.1, and otherwise meets all of the criteria set forth in that section. Lustyik is incorrect because (i) he has 3 (not zero) criminal history points, and (ii) he received an aggravating role adjustment under Section 3B1.1, such that he does not meet the criteria set forth in Section 4C1.1(a)(10). As a result, Lustyik is not eligible for a 2-level decrease under Section 4C1.1.

Lustyik would not be eligible for a reduction of his term of imprisonment under Section 3582(c)(2) even if did receive a 2-level decrease under Section 4C1.1. This is because his hypothetical amended guideline range would be 70-87 months' imprisonment (based on level 26, criminal history category II), and the law does not permit a court to reduce a defendant's term of

---

[1] The Bureau of Prisons released Lustyik to home confinement in June 2020.

imprisonment to a term that is less than the minimum of the amended range. See 18 U.S.C. § 3582(c)(2); Guidelines § 1B1.10(b)(2)(A) and Application Note 3.[2] Here, because the term of imprisonment imposed (60 months) is less than the minimum of the hypothetical amended guideline range (70 months), Lustyik would not be eligible for a reduction of his term of imprisonment in any event.

Accordingly, Lustyik's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Robert G. Lustyik, Jr.
21 Devries Avenue
Sleepy Hollow, NY 10591

Dated: July 10, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] An exception to this requirement exists when the original term of imprisonment was below the guideline range due to a government motion based on the defendant's substantial assistance to authorities. Guidelines § 1B1.10(b)(2)(B). That exception does not apply here.